## CHEATHAM, PEARCE & CO. v. M. L. THORNTON.

MARRIED WOMAN. *Sale of personalty.* A married woman without estate buys a stock of goods from a trustee under an assignment by her husband. Creditors of husband levy upon the goods. *Held:* She had the right to purchase, and there being no fraud, the sale was valid.

### FROM MADISON.

Appeal in error from the Law Court of Madison county. H. W. McCORRY, J.

BULLOCK & HAYS for Cheatham, Pearce & Co.

McCORRY & BOND and CAMPBELL & JACKSON for Thornton.

TURNEY, J., delivered the opinion of the court.

In May, 1880, W. H. Thornton, husband of the plaintiff in error being indebted, made an assignment of all his goods to J. W. Vanden for the benefit of creditors, including plaintiff in error. Vanden, after selling off a part of the goods, sold such of the stock as remained to Mrs. M. L. Thornton, the wife, upon credit. The bill of sale conveys to her sole and separate use, free from the debts of her husband, and retains a lien to secure the purchase money.

Mrs. Thornton took charge and carried on business in her own name, her husband acting as one of her clerks until September, 1880, when plaintiff in error had execution issued and levied upon the goods. About

$110 worth of goods were sold by Mrs. Thornton before levy, $28 had been paid to Vanden. Mrs. Thornton, by her next friend, the husband, replevied.

The circuit judge trying the case without a jury, gave judgment for the plaintiff below.

The case was heard at the last term of this court and judgment reversed, and is now before us on petition to rehear.

Mrs. Thornton had no, estate at all, and the question is, was the purchase by her valid, or did it enure to the benefit of the husband and subject the goods to the claims of his creditors?

When Vanden became trustee and the creditors accepted under the trust deed *eo instanti*, a liability to the extent of the reasonable value of the goods was fixed upon him. If he improperly converted the goods or disposed of them, he made himself liable to creditors of Thornton for their value. There is nothing in this record that intimates his insolvency, the deed relieves him from giving bond and the creditors have accepted.

In *Meagher* v. *Hollenberg*, 9 Lea, 387, it is said: "The contract of a married woman, so far as it is executory, is void by reason of her incapacity to make it. She may take title or an interest in property by a sale to her, and the vendor who retains a lien to secure the purchase money, may enforce it against the property."

. It is a rule in this State that, although the executory contract of a married woman is void, it can only be so held upon her plea of coverture. Here she is insisting upon her contract.

There is no pretense of fraud on the part of Mrs. Thornton and the trustee. So far as appears, the sale and purchase were made in good faith, she has executed in part, and by her action indicates a purpose to execute in full. Her vendor looks to her alone, his only security being a lien on the goods. The trustee was authorized to sell. His sale was a conversion, and by it he became responsible to the extent of its amount.

We therefore think the holding at the last term was erroneous. The judgment of the circuit court is affirmed.